UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LINDA TAGGERT                                                                      PLAINTIFF

V.                                                          Civil Action No. 1:16cv179-GHD-DAS

FCA US LLC formerly known as
CHRYSLER GROUP LLC;
SAM STEVENS MOTORS INC;
JOHN DOES 1-10;
JANE DOES 1-10;
XYZ CORPORATION                                                                   DEFENDANTS

<u>MEMORANDUM OPINION GRANTING FCA US LLC'S MOTION FOR SUMMARY JUDGMENT
AND SAM STEVENS MOTOR, INC.'S MOTION TO DISMISS</u>

Before this court is Defendant FCA US LLC's motion for summary judgment [Doc. No. 41], and Defendant Sam Stevens Motors, Inc.'s motion to dismiss. [Doc. No. 43]. Upon due consideration, the Court finds that both motions should be granted.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On August 24, 2014, the Plaintiff, Linda Taggert, was traveling in her 2008 Chrysler 300 in Monroe County, Mississippi. Deposition of Linda Taggert [Doc. No. 43-1] at pg. 31. While driving, Taggert lost control of her vehicle and veered off the highway into a ditch. *Id.* at 34-35. Taggert attempted to apply the brakes, but could not stop the car. *Id.* at 35-36. The vehicle eventually stopped after hitting a sign and a tree. *Id.* at 36-37. The airbags did not deploy during the accident.

Taggert filed this products liability action on June 26, 2015, against FCA US, the manufacturer of the vehicle, and Sam Stevens Motors, the dealership that sold her the car, alleging that design and manufacturing defects caused her accident and subsequent injuries. On August 25, 2017, FCA US filed a motion for summary judgment. On August 29, 2017, Sam Stevens Motors,

1

filed a motion to dismiss for failure to state a claim. Taggert has not responded to either motion, and the time for doing so has passed. The motions are now ripe for review.

## II. LEGAL STANDARDS

### A. Standard for Dismissal under Rule 12(b)(6)

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)).

2

"Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## B. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* Fed. R. Civ. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. "An issue of fact is material only if its resolution could affect the outcome of the action." *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 Fed. App'x 308, 312 (5th Cir. 2016) (per curiam) (quoting *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002) (internal quotation marks omitted))).

Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct.

2548; *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, 595 Fed.Appx. 378, 378 (5th Cir. 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* at 380 (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)). With the foregoing standard in mind, the Court turns to the issues before it.

### III. ANALYSIS

#### A. Sam Stevens Motors' Motion to Dismiss

Sam Stevens Motors argues that the Mississippi Product Liabilities Act, Miss. Code Ann. § 11-1-63(Rev. 2014), immunizes it from Taggert's claims as an "innocent seller." The Court agrees. The Act states that a seller "shall not be liable" for a claim brought pursuant to Miss. Code Ann. Section 11-1-63(a), which includes claims for manufacturing and design defects and claims for breach of an express warranty, unless:

> the seller or designer exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller or designer altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller or designer had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

Miss. Code Ann. §11-1-63(h)(Rev.2014).

4

The Fifth Circuit and other Mississippi federal courts have interpreted this provision to also apply to claims for breach of an implied warranty. Result. *Murray v. Gen. Motors, L.L.C.*, 478 F. App'x 175, 180 (5th Cir. 2012); *Gardner v. Cooksey*, No. 2:11–cv–255KS, 2012 WL 968026, at *3–4 (S.D. Miss. Mar. 21, 2012); *Jenkins v. Kellogg Co.*, No. 4:08–cv–121, 2009 WL 2005162, at *4 (N.D. Miss. July 6, 2009); *Land v. Agco Corp.*, No. 1:08–cv–012, 2008 WL 4056224, at *3 (N.D. Miss. Aug. 25, 2008); *Jones v. Gen. Motors Corp.*, No. 3:06–cv–00608, 2007 WL 1610478, at *3, *5 (S.D. Miss. June 1, 2007). Additionally, the provision applies to any negligence claims that simply restates a product liability claim brought under the MPLA, such as negligence claims in Taggert's complaint. *Murray*, 478 F. App'x at 182.

Sam Stevens Motors, through its owner, states in an affidavit that it did not "design or manufacture the vehicle," "exercise substantial control over any aspect of the design, testing, manufacture, packaging, or labeling" of either the airbag system or wheel assembly, "alter or modify" the airbag system and wheel assembly, or "have actual or constructive knowledge of any defective condition" of the car. Affidavit of Sam Stevens [Doc. No. 43-1] at pp. 1-2. Taggert has not provided any contrary evidence. Accordingly, Sam Stevens Motors is an innocent seller within the meaning of section 11-1-63(h). Taggert may not recover against it for any of her claims. Therefore, Sam Stevens Motors' motion to dismiss should be granted, and Taggert's claims against Sam Stevens should be dismissed.

### B. FCA US's Motion for Summary Judgment

While Taggert did not file a response to FCA US's motion, "[a] motion for summary judgment cannot be granted simply because there is no opposition," *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). "The movant has the burden of

establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion regardless of whether any response was filed." *Id.* at 362.

Under Mississippi law, to succeed in a products liability suit, a plaintiff must show that at the time the product left control of the manufacturer it was defective in some way, that the defect rendered the product unreasonably dangerous to the consumer, and that the defect or condition proximately caused the damages the plaintiff seeks to recover. Miss. Code Ann. § 11-6-3(a)(Rev. 2014). A plaintiff may prove a defect existed by showing that the product (1) was manufactured incorrectly; (2) did not contain adequate warnings or instructions; (3) was designed defectively; or (4) breached an express warranty provided by the manufacturer or seller. *Id.* at (a)(i).

FCA US first argues that without expert testimony, Taggert cannot establish her product liability claims. The Court agrees. Federal courts in this state have repeatedly held that expert testimony is required in product liabilities claims brought under the MLPA. *See e.g. Hammond v. Coleman Co.*, 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999), *aff'd sub nom. Hammond v. Coleman Co.*, 209 F.3d 718 (5th Cir. 2000)(holding that plaintiff's failure to offer expert testimony of defects is "fatal to his case."); *Cothren v. Baxter Healthcare Corp.*, 798 F. Supp. 2d 779, 782 (S.D. Miss. 2011)("[Plaintiff] is required to provide the Court with expert testimony in support of her claims of design and manufacturing defects under the MPLA . . .")

Taggert has not designated any expert witnesses, and the deadline to do so has passed. *See* Case Management Order [Doc. No. 23]. Because Taggert has not provided the necessary expert testimony, she has "failed to offer proof on a matter which [she] bears the burden of proof at trial. *Hammond,*61 F. Supp. 2d at 542 (citing *Rudd v. Montgomery Elevator Co.*, 618 So. 2d 68 (Miss. 1993).

Without this expert testimony, there exists only the two recall notices identified in Taggart's complaint as evidence of a defect in her vehicle. Such recall notices, however, are not admissible evidence that can establish liability. *Rutledge v. Harley-Davidson Motor Co.*, 364 F. App'x 103, 105-106 (5th Cir. 2010). Even assuming that these notices were admissible, they do not establish that Taggert's vehicle was defective, or that those defects caused Taggert's accident and injuries.

In her complaint, Taggert states that on "July 1st, 2008, [FCA US] instituted a recall for the 2008 Chrysler 300 asserting that mechanical problems were present in the 2008 Chrysler 300 which would cause the axle hub nuts to loosen and allow the half-shaft to disengage from the wheel hub." She also states that on "May 26th, 2015, [FCA US] instituted a recall for the 2008 Chrysler 300 asserting that wiring and mechanical problems were present in the 2008 Chrysler 300, which would cause the airbags to malfunction during a collision and prevent the airbags from deploying. Other than the identification of these two recalls, no other evidence identifies a potential defect of Taggert's vehicle.

FCA US identified the first recall as Safety Recall H23. Safety Recall H23 Rear Axle Hubs [Doc No. 41-2]. This recall applied to 2008 Dodge Magnums, Dodge Chargers, and Chrysler 300s manufactured between December 19, 2007 and February 29, 2008. *Id.* According to the notice, "The rear axle hub nuts on about 5,500 of the above vehicles may loosen and allow the halfshaft to disengage from the wheel hub. This could cause the vehicle to lose power and result in a crash without warning." *Id.*

According to an affidavit submitted by Earl Bibb, an engineer with FCA US who inspected the vehicle after the accident, Taggert's vehicle was manufactured on June 2, 2008. Affidavit of Earl Bibb, [Doc. No. 41-2]. Thus, the H23 recall did not concern Taggert's vehicle, and so the

recall notice does not provide evidence of a defective condition present in her car. Bibb further states that his inspection of the vehicle showed that none of the hub nuts on Taggert's vehicle had loosened. Therefore, there is also no evidence that shows the defect identified in H23 recall played a factor in her accident.

FCA US identified the second recall as Safety Recall R25. Safety Recall R25/NHTSA 15V-313 Driver Airbag Inflator [Doc. No. 41-2]. According to the recall:

> The driver airbag inflator housing on about 4,060,000 of the above vehicles may rupture, due to excessive internal pressure, *during normal airbag deployment events*. This condition is more likely to occur if the vehicle has been exposed to high levels of absolute humidity for extended periods of time. An inflator rupture, during airbag deployment events, could result in metal fragment(s) striking potentially seriously injuring the vehicle occupant(s).

*Id.* (emphasis added). By the terms of this notice, and Bibb's affidavit, this defect is only implicated when the airbags deploy. *See* Bibb Affidavit. In this case, the airbags indisputably did not deploy at all. Therefore, there is no evidence that the defect described in the R25 recall was related to the problem Taggert describes – the airbag's failure to deploy. Further, FCA US presents expert testimony that the airbag did not deploy because the impacts that occurred during the accident "did not warrant deployment of front impact SRS airbags." Report of Daniel Toomey [Doc No. 41-3] at p. 14. No evidence identifies another possible cause of the airbags failure to deploy.

Consequently, Taggert cannot create a genuine issue that her car was defective and that those defects caused her accident. FCA US's motion for summary judgment should, therefore, be granted.

## IV. CONCLUSION

Sam Stevens Motors has established that they are innocent seller under the MLPA. Therefore, Taggert fails to state a claim against Sam Stevens Motors. Accordingly, its motion to dismiss should be granted and Taggert's claims against Sam Stevens Motors should be dismissed.

FCA US has established that no evidence before the court shows that any defect present in Taggert's vehicle caused her accident and injuries. Accordingly, its motion for summary judgment should be granted, and Taggert's claims against FCA US should be dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the 18th day of January, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE